**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NEIL S. PHILLIPS; YVONNE M. PHILLIPS,<br><br>Plaintiffs,<br><br>vs.<br><br>FREMONT INVESTMENT & LOAN, et al.<br><br>Defendants. | No. CV-09-2585-PHX-GMS<br><br>**ORDER** |

On December 10, 2009, Plaintiffs filed a Verified Complaint for Declaratory and Injunctive Relief To Void Power of Sale (Dkt. # 1), Affidavit in Support of Complaint for Declaratory and Injunctive Relief To Void Power of Sale (Dkt. # 5), a draft restraining order, a Notice of Lis Pendens (Dkt. # 6), and a Motion in Support of Temporary Restraining Order (Dkt. # 4) ("TRO"). Plaintiffs request that the Court enjoin a power of sale for property located at 15509 W. Banff Lane, Surprise, Arizona, 85379. The Court construes the motion as a motion for a temporary restraining order without notice. For the following reasons, the Court denies the motion.

**DISCUSSION**

A preliminary injunction generally may issue "only on notice to the adverse party." Fed. R. Civ. P. 65(a). The Court may issue a TRO without notice only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Here, Plaintiffs failed to provide notice to any of the Defendants or their attorneys. Plaintiffs also do not include an affidavit or a verified complaint that shows how immediate and irreparable injury would result before Plaintiffs had a chance to serve the Defendants. Plaintiffs also do not certify in writing any efforts to give notice or reasons why notice should not be required. Accordingly, the Court denies the motion for TRO.

Even if Plaintiffs had provided proper notice, a TRO would still be improper. The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. The Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007). Therefore, to prevail on a request for a TRO, a plaintiff must show either "(a) probable success on the merits combined with the possibility of irreparable injury or (b) that [it] has raised serious questions going to the merits, and that the balance of hardships tips sharply in [its] favor." *See Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (discussing the standard for a preliminary injunction). The Ninth Circuit has explained that "these two alternatives represent 'extremes of a single continuum,' rather than two separate tests. Thus, the greater the relative hardship to the moving party, the less probability of success must be shown." *Immigrant Assistant Project of L.A. County Fed'n of Labor (AFLCIO) v. INS*, 306 F.3d 842, 873 (9th Cir. 2002) (citation omitted). Moreover, "[i]f the public interest may be affected by the proposed injunction, it should also be factored into the analysis." *Bernhardt*, 339 F.3d at 925.

Plaintiffs' filings do not explain why they have probable success on the merits or why they would experience irreparable injury if the TRO is not granted. Even if the Court examined the Complaint, the Court cannot find either irreparable harm or likelihood of success on the merits. First, even assuming Plaintiffs would argue that the pending deed of trust sale would cause irreparable injury, Plaintiffs have not explained in writing when this

sale will occur. Accordingly, the Court cannot conclude that irreparable injury will occur before the Court could issue a temporary or permanent injunction.

Furthermore, Plaintiffs' causes of action do not appear to plead cognizable claims. Plaintiffs' first claim appears to be a claim for deprivation of due process under 42 U.S.C. §§ 1983 & 1985. A claim under Section 1983 exists only if the alleged deprivation was committed "under color of state law," *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999), but Plaintiffs have sued only *private actors* who do not appear to have been connected to any government entity acting "under color of state law." Moreover, to establish a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must prove: (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person of equal protection of the law, or of equal privileges and immunities under the law, (3) an act in furtherance of the conspiracy, and (4) that the plaintiff was injured in his person or property, or that the plaintiff was deprived of any right or privilege of a citizen of the United States. *Sever v. Alaska Pulp Corp.,* 978 F.2d 1529, 1536 (9th Cir. 1992). Further, the plaintiff must prove that the deprivation of a protected right was motivated by some racial, or otherwise class-based, invidious discriminatory animus. *Id.* The Complaint does not include sufficient facts to illustrate any of these elements for a Section 1985 claim.

Likewise, Plaintiffs second cause of action for "deprivation of Plaintiff's rights under cognovit note" also fails. Plaintiffs appear to argue that the power of sale clause in the contract, which Plaintiffs do not provide to the Court, violates the equal protection clauses of either the Arizona Constitution or the United States Constitution. Plaintiffs do not explain how a private contract between *nongovernmental* parties is a violation of the Fourteenth Amendment, which applies only to governmental entities. *See* U.S. Const. Amend. XIV (stating that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law . . . [or] deny to any person within its jurisdiction the equal protection of the laws"). Plaintiffs cite no authority holding that private entities can violate the Constitution simply by entering into a contract. To the extent Plaintiffs intend this claim as an argument

1 | based on nondisclosure of material terms in a contract, Plaintiffs have not alleged sufficient
2 | facts or applicable law.

3 |       Plaintiffs' third cause of action contends that the loan agreement is an unconscionable adhesion contract. Arizona law recognizes two types of unconscionability, neither of which Plaintiffs are likely to succeed in pleading. "Procedural or process unconscionability is concerned with 'unfair surprise,' fine print clauses, mistakes or ignorance of important facts or other things that mean bargaining did not proceed as it should." *Maxwell v. Fidelity Fin. Servs., Inc.*, 184 Ariz. 82, 88–89, 907 P.2d 51, 57–58 (1995). "Substantive unconscionability is an unjust or 'one-sided' contract." *Id.* Even if Plaintiffs entered into a contract of adhesion, however, "[a] contract of adhesion is fully enforceable according to its terms . . . unless certain other factors are present which . . . render it otherwise." *Broemmer v. Abortion Servs. of Phoenix, Ltd.*, 173 Ariz. 148, 151, 840 P.2d 1013, 1016 (1992). Under this rule, Plaintiffs have not provided facts showing why the contract should be voided. Plaintiffs are unlikely to void the contract simply because they agreed to a standard contract with terms that ultimately became disagreeable to them. Plaintiffs would have to plead something more to establish a cognizable claim. Furthermore, even if Plaintiffs claims had some merit, Plaintiffs do not provide the contract to the Court, so the Court cannot properly evaluate what contract terms exist and do not exist.

      Finally, Plaintiffs' last two claims are for declaratory relief and injunctive relief. Injunctions and declaratory judgments are remedies for underlying causes of action, but they are not separate causes of action as Plaintiffs allege. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 187, 181 P.3d 219, 234 (Ct. App. 2008) ("An injunction is an equitable remedy . . . .") (internal quotations omitted); *McMann v. City of Tucson*, 202 Ariz. 468, 473, 47 P.3d 672, 678 (Ct. App. 2002) (noting that a declaratory judgment "remedy" is available "'to declare the rights, status, and other legal relations'") (quoting Ariz. Rev. Stat. § 12-1831). Therefore, because Plaintiffs' underlying legal theories fail, Plaintiffs cannot also assert independent claims for declaratory relief and injunctive relief.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Temporary Restraining Order (Dkt. # 4) is **DENIED WITHOUT PREJUDICE.**

DATED this 11th day of December, 2009.

_____
G. Murray Snow
United States District Judge